# United States District Court
## Northern District of Ohio

UNITED STATES OF AMERICA
v.
**Andrew D. Norman**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **5:11CR236**

USM Number: 57218-060

Roger K. Davidson
Defendant's Attorney

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): 1, 2, and 3 of the Information .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Bank Fraud | 3/2007 | 1 and 2 |
| 26 U.S.C. § 7206(1) | Filing False Tax Return | 10/15/2007 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

May 20, 2013
Date of Imposition of Judgment

s/John R. Adams
Signature of Judicial Officer

**JOHN R. ADAMS**, United States District Judge
Name & Title of Judicial Officer

June 3, 2013
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 40 months as to Counts 1 and 2, 36 months as to Count 3 to run concurrent .

[✔] The court makes the following recommendations to the Bureau of Prisons:
That the defendant be placed in the following facility: FCI Morgantown.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[✔] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[✔] before 2:00 p.m. on as designated by the Bureau of Prisons .
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ______________________ to ______________________________

at ____________________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to Counts 1 and 2, 1 year as to Count 3 concurrent .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of the commencement of supervision and to at least two periodic drug tests thereafter, as determined by the pretrial services and probation officer.

While on supervision, the defendant shall not commit another federal, state, or local crime, shall not illegally possess a controlled substance, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

[✔] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔] The defendant shall not possess a firearm, destructive device, or any dangerous weapon. (Check, if applicable.)

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall comply with the Northern District of Ohio Offender Employment Policy which may include participation in training, education, counseling, and/or daily job search as directed by the pretrial services and probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall provide the probation officer access to all requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The defendant shall cooperate with the IRS and file any amended returns within 6 months of the sentencing date.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 300.00 | $ Waived | $ 14,446,194.72 |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| FDIC Restitution Payments (for IndyMac Bank)<br>IndyMac Bank, 10007<br>P.O. Box 971774<br>Dallas, TX 75397-1774 | $9,251,563.72 | $9,251,563.72 | |
| PNC DRU - Melissa Thompson<br>PNC Plaza, 3rd Floor<br>500 West Jefferson Street<br>Louisville, KY 40202 | $830,350.00 | $830,350.00 | |
| First Bank<br>Attn. Peter Wimmer, General Counsel<br>135 N. Meramec Avenue<br>Clayton, MO 63105 | $942,969.00 | $942,969.00 | |
| Webster Bank<br>609 West Johnson Avenue<br>Chesire, CT 06410<br>Attn. Asst. General Counsel Nora Treschitta | $1,711,005.00 | $1,711,005.00 | |
| IRS-RACS<br>Attn. Mail Stop 6261, Restitution<br>333 W. Pershing Avenue<br>Kansas City, MO 64108 | $80,307.00 | $80,307.00 | |
| Personal payee (Provided to finance) | $1,630,000.00 | $1,630,000.00 | |
| TOTALS: | $ 14,446,194.72 | $ 14,446,194.72 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

[ ] Restitution amount ordered pursuant to plea agreement **$____**

[] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[✔] The interest requirement is waived for the [] fine [✔] restitution.

[ ] The interest requirement for the [] fine [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 5:11CR236
DEFENDANT: Andrew D. Norman



# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ due immediately, balance due

[ ] not later than or
[ ] in accordance with [ ] C, [ ] D, [ ] E, or [ ] F below; or

B [ ] Payment to begin immediately (may be combined with [ ] C [ ] D, or [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [✔] If restitution is not paid in full, Defendant shall pay 25% of Defendant's gross income per month while incarcerated through the Federal Bureau of Prisons Inmate Responsibility Program.

F [✔] Special instructions regarding the payment of criminal monetary penalties:

[✔] A special assessment of $300.00 is due in full immediately as to count(s) _1, 2, and 3_____.
PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT

[✔] If a restitution balance remains upon release from imprisonment, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments, or at least a minimum of 10% of Defendant's gross monthly income during the term of supervised release and thereafter.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔] Joint and Several (Defendant name, Case Number, Total Amount, Joint and Several Amount and corresponding payee)**:**

$9,251,563.72 Joint and several with Jason Herceg (5:11CR339), Jack Coppenger (5:12CR278), and **see attached list joint and several with straw buyers Attachment #1**

$830,350.00 Joint and several with Jason Herceg (5:11CR339) and David Yamokoski (5:11CR96).

$942,969.00 Joint and several with Jason Herceg (5:11CR339) and David Yamokoski (5:11CR96).

$1,7111,005.00 Joint and several with Jason Herceg (5:11CR339), Robert Aikens (5:11CR214), and Thomas Duke (5:11CR215).

$80,307.00 paid only by Andrew Norman. Not jointly.

$1,630,000.00 Joint and several with Jason Herceg (5:11CR339).

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

Attachment #1

$9,251,563.72 Joint and several with Jason Herceg (5:11CR339), Jack Coppenger (5:12CR278), and **see attached list joint and several with straw buyers Attachment #1**

| Case # | Mortgage Holder | Date of Loan | Loan # | Amount of Loan | Financial Institution | Property Description | Loss | Total Loss |
|---|---|---|---|---|---|---|---|---|
| 5:11CR461 | Bell, Thomas B | 12/14/05 | 122395787 | 500,000.00 | FDIC | Watersedge, Lot #36 | 450,901.78 | |
| 5:11CR460 | Bontrager, D. Brian | 01/12/06 | 122579112 | 445,000.00 | FDIC | WatersEdge, Lot #28 | 351,748.48 | |
| 5:12CR95 | Bontrager, John | 12/22/05 | 122508184 | 500,000.00 | FDIC | Watersedge, Lot #35 | 451,730.64 | |
| 1:11CR283 | Cannon, David | 11/18/05 | 122204954 | 315,000.00 | FDIC | Watersedge, Lot #42 | 267,013.07 | |
| 5:12CR206 | Coblentz, Curt | 01/26/06 | 122694804 | 315,000.00 | FDIC | Watersedge, Lot #47 | 268,000.00 | |
| 5:12CR101 | Cordi, David | 03/30/06 | 123158195 | 400,000.00 | FDIC | Watersedge, Lot #6 | 353,000.00 | |
| 5:12CR102 | Eger, Brian | 09/22/05 | 121950942 | 500,000.00 | FDIC | Watersedge, Lot #24 | 450,477.70 | |
| 1:11CR333 | Eppinger, Charles | 02/09/06 | 12274714 | 315,000.00 | FDIC | Watersedge, Lot #2 | 268,000.00 | |
| 5:11CR553 | Hunt, Kevin | 10/17/05 | 122081883 | 500,000.00 | FDIC | Watersedge, Lot #34 | 450,440.24 | |
| 1:11CR334 | Mathews-Campbell, Delores | 02/27/06 | 122958050 | 330,120.00 | FDIC | Watersedge, Lot #1 | 283,120.00 | |
| 5:10CR554 | May, Lauren | 02/28/06 | 122936381 | 360,000.00 | FDIC | Watersedge, Lot #43 | 313,000.00 | |
| 5:12CR96 | Miller, Blaine | 01/24/06 | 122394854 | 400,000.00 | FDIC | Watersedge, Lot #5 | 351,948.06 | |
| 5:12CR39 | Miller, Todd | 01/03/06 | 122623459 | 315,000.00 | FDIC | Watersedge, Lot #31 | 267,234.67 | |
| 5:12CR98 | Mokler, Mike | 10/12/05 | 122074609 | 315,000.00 | FDIC | Watersedge Lot #4 | 266,881.30 | |
| 5:11CR301 | Rankin, Charles | 11/03/05 | 12266429 | 400,000.00 | FDIC | Watersedge, Lot #27 | 351,746.77 | |
| 5:11CR552 | Schrock, Paul | 02/27/06 | 122502910 | 315,000.00 | FDIC | Watersedge, Lot #44 | 267,999.99 | |
| 5:11CR523 | Testa, Mike | 09/10/05 | 121943739 | 400,000.00 | FDIC | Watersedge, Lot #26 | 351,020.62 | |
| 5:12CR38 | Tyree, Jay | 03/15/06 | 123008348 | 324,000.00 | FDIC | Watersedge, Lot #50 | 277,000.00 | |
| 5:11CR459 | Yoder, Matt | 01/09/06 | 122442766 | 315,000.00 | FDIC | Watersedge, Lot #46 | 267,222.23 | |
| 5:11CR285 | Zamski, William | 11/18/05 | 122191932 | 315,000.00 | FDIC | Watersedge, Lot #41 | 267,032.18 | |
| | | | | | | | | **6,575,517.73** |
| Additional FDIC losses attributable to Jack Coppenger, Jason Herceg and Andrew Norman | | | | | | | | **2,676,045.99** |
| Total FDIC loss | | | | | | | | **9,251,563.72** |